LLOVE, J.,
concurs with reasons.
I respectfully concur with the majority in the present case. I write separately to *21 address the assertions raised by the third-party plaintiff, NOOB I, LP. (“NOOB”) that La. R.S. 39:1673 applies only to contracts and that NOOB’s petition in the case sub judice asserts a claim in tort for fraud and conspiracy. The trial court, in its Reasons for Judgment, provides an excellent recitation of the facts, which I repeat:
Third party plaintiff NOOB I, LP. (hereafter, NOOB), filed a third party demand on February 28, 2003 against the Division of Administration (hereafter, DOA); Roger Magendie, the former director of the Office of Facility Planning and Control, a department of the Division of Administration (hereafter, Ma-gendie); and Sharon Reed, the director of the office of Real Estate Leasing, a department of the Office of Facility Planning and Control (hereafter, Reed). In its third party petition, NOOB alleges that it is the assignee of lease number 10-0290 between BAHA Towers and the Department of Social Services (hereafter, DSS), and lease number 09-40056 between BAHA Towers and the Department of Health and Hospitals (Hereafter, DHH).
NOOB alleges that on February 1, 2002, DSS breached its lease. In paragraph 18 of the petition, NOOB alleges that “... as early as May 4, 2001, before the expiration of either the DHH or DSS lease, and well before any complaints of mold or asbestos, well before ‘any emergency’, with plenty of time to issue public bid | ^invitations DSS, OFP, Magendie and Reed were devising a scheme to get DSS and DHH our of Plaza Tower circumventing the procurement code.” The petition lists the third party plaintiffs cause of action as tortuous interference, conspiracy to violate the procurement code, fraud and fraud in the inducement.
In response to this action, third party defendants filed an Exception of Prematurity on July 28, 2003, asserting that the procurement code provides administrative remedies which must be exhausted by the protestant before seeking judicial review.
The Legislature’s intent in enacting the Louisiana Procurement Code, La. R.S. 39:1551, et seq., was to increase the public’s confidence in those procedures implemented in public procurements and to ensure the all persons who are involved with the procurement of this state are treated fair and equitable. Louisiana Associated General Contractors, Inc. v. Calcasieu Parish School Bd., 586 So.2d 1354 (La.1991). NOOB asserts that the claims pending before this court are “tort claims” against DOA, Magendie, and Reed, and that therefore, NOOB is not required to comply with the provisions of La. R.S. 39:1551 prior to seeking a judicial remedy. Although grounded in tort, the NOOB’s claims against DOA, Magendie, and Reed are based on leases with DSS and DHH. The trial court’s finding that the procurement code does not exclude tort claims from the application of La. R.S. 39:1673, is over-broad. The procurement code does not exclude tort claims which arise under contractual obligations from the application of La. R.S. 39:1673.
The final error asserted by NOOB is that the trial court erred in sustaining the Exception of Prematurity brought by Reed and Magendie because the tort claims were not brought against them in their individual capacities and were therefore not subject to administrative review. The trial court was correct in finding that the claims against Magendie and Reed were subject to administrative review, in that the alleged acts are asserted against Ma-gendie, in his capacity as the |3former Director of Facility Planning and Control *22 and Reed, in her capacity as the Director of Real Estate Leasing, thus dictating administrative review.